IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **EDGAR HERNANDEZ,** on Behalf of Himself and on Behalf of Others Similarly Situated**,** | § § § § | CA No._____ |
| Plaintiff, | § | JURY DEMANDED |
| v. | § § | |
| **LA RANCHERA, INC.,** Defendant. | § § § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### 1. SUMMARY

1.1. Defendant, LA RANCHERA, INC. ("Defendant"), failed to pay Plaintiff, EDGAR HERNANDEZ, ("Plaintiff") and its other delivery drivers for all hours worked and also failed to pay appropriate overtime wages when they work/worked more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*.

1.2 Plaintiff, Edgar Hernandez, and the similarly situated individuals he seeks to represent, are current and former employees of La Ranchera, Inc. who worked as delivery drivers within the last three years (hereinafter referred to as "Class Members").

1.3 Defendant's pay practices and policies applied not only to Plaintiff, but also to all Class Members. Therefore, Plaintiff brings this suit on behalf of himself and other similarly situated delivery drivers.

### 2. JURISDICTION

2.1. This Court has federal question jurisdiction of this action under 28 U.S.C. §1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b).

### 3. VENUE

3.1. Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### 4. PARTIES

4.1. Plaintiff, Edgar Hernandez, lives in the Southern District of Texas. Plaintiff was a former employee of Defendant as a delivery driver. Plaintiff worked for Defendant as a delivery driver approximately March 2015 to October 2016. His written consent to join this lawsuit is attached hereto as Exhibit 1.

4.2. The class of similarly situated employees consists of all delivery drivers who worked for Defendant within the last three years (hereinafter referred to as the "Class Members").

4.3. Defendant La Ranchera, Inc. is an employer qualified to do business in Texas. Defendant can be served by, serving its Registered Agent for Service of Process, Veronico Montes Trujillo at 1614 Clinton Dr. Galena Park, Texas 77547.

### 5. FLSA COVERAGE

5.1 At all times relevant to this dispute, Defendant has been an enterprise within the meaning of the FLSA. 29 U.S.C. §203(r).

5.2 At all times relevant to this dispute, Defendant has been an enterprise engages in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1).

5.3 At all times relevant to this dispute, Defendant has had annual gross sales in excess of $500,000.00.

5.4 At all times relevant to this dispute, Plaintiff and the Class Members were employees

engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §207.

## 6. BACKGROUND FACTS

6.1 Defendant manufactures and distributes corn and flour tortillas. Defendant's tortilla manufacturing operation is located at 7719 N. Shepherd Drive, Houston, Texas 77088.

6.2 Plaintiff was worked as a delivery driver for Defendant from March 2015 to October 2016.

6.3 Defendant controlled most of the conditions of Plaintiff's employment. Defendant determined Plaintiff's pay rate, the schedule he worked, the uniform he wore, and the policies and procedures Plaintiff and the other Class Members were required to follow.

6.4 Plaintiff was required to wear a uniform with Defendant's logo and name on it. Plaintiff was also instructed by Defendant that he was not allowed to carry any other product while working for Defendant. This policy was stated on a sign at Defendant's warehouse.

6.5 As a delivery driver Plaintiff's primary duties included, picking up tortillas from Defendant's warehouse, delivering orders to Defendant's customers per Defendant's instructions, collecting payment from Defendant's customers and turning that payment in to Defendant at the end of each day, and completing daily paperwork/inventory paperwork related to deliveries made, and orders and monies received on Defendant's behalf.

6.6 Plaintiff and Class Members also spent approximately thirty minutes to one hour per day completing required paperwork. Plaintiff and Class Members were not compensated for this work time.

6.7 Plaintiff and Class Members did not have authority to hire or fire any of Defendant's employees and did not have authority to set pay.

6.8 As a delivery driver, Plaintiff and Class Members regularly worked more than forty (40) hours per workweek. Specifically, a typical work schedule required Plaintiff to work more than 50-60 hours per week, with many weeks requiring him to work even more. Plaintiff was not a member of management. Neither he nor any of the other Class Members had authority to (nor did they): manage an enterprise, hire or fire other employees, set the pay rates of other employees, create policies or procedures to govern Defendant's employees, handle employee grievances, determine the type of equipment or materials that Defendant could use in its operations, enter into contracts on behalf of Defendant or otherwise have operational control over Defendant's business operations and practices. Moreover, Plaintiff and the Class Members did not perform office or non-manual work directly related to the management or general business operations of Defendant or its customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of Defendant's business.

6.9 Plaintiff and the Class Members were at all times "non-exempt" employees and eligible to receive overtime pay pursuant to Section 207 of the FLSA.

6.10 Defendant improperly classified Plaintiff and the Class Members as independent contractors. However, Defendant required Plaintiff to follow certain rules of employment. Plaintiff and the Class Members were assigned their drive routes and/or schedules by Defendant and reported to a supervisor. Plaintiff was misclassified as an independent contractor and was in fact an employee of Defendant throughout the time he worked as a delivery driver.

6.11 Plaintiff and the Class Members worked over forty hours per work week and Defendant failed to pay Plaintiff and the Class Members the correct overtime rate. Defendant also failed to pay Plaintiff and Class Members for compensable time spent picking up products from Defendant's warehouse and for completing required work-related paperwork.

6.12 There was no clear mutual understanding or agreement between Defendant and Plaintiff or the Class Members that they would be paid using the fluctuating work week method of pay and how that method works, nor did Defendant pay them a fixed rate. Thus, Defendant is not entitled to utilized the FWW method of pay when determining the regular rate of pay for Plaintiff or Class Members because the amount of compensation it paid to them varied.

## 7. COLLECTIVE ACTION ALLEGATIONS

7.1 Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all other persons employed by Defendant as a delivery driver within three (3) years from the filing of this suit who, like Plaintiff, (1) have not been compensated for all hours worked and/or (2) have not been compensated at one and a half times their regular rate of pay for all hours worked in excess of forty (40) in a single work week.

7.2 Defendant classified/classifies and paid/pays all of its delivery drivers in the manner described above. Defendant maintained a common pay practice or policy and the Class Members are similarly situated to Plaintiff.

7.3 Defendant's delivery drivers all perform the same essential job functions and duties of delivering tortilla's to customers notwithstanding the fact that one employee might have

more tenure or experience than another employee in the same or similar position. Therefore, the Class Members are similarly situated to Plaintiff.

7.4  The damages for each individual can easily be calculated using the same methodology and formula although the exact amount of the damages may vary.

7.5  Defendant possesses the names and addresses of Class Members in its records. The Class Members should be allowed to receive notice about this lawsuit and given an opportunity to join. Like Plaintiff, these similarly situated workers are entitled to recover their unpaid wages, overtime wages, liquidated damages, attorneys' fees and other damages. Therefore, notice is appropriately sent to the following class:

"All Defendant's current and former delivery drivers who worked for Defendant during any workweek between February 27, 2014 and up to the time notice of the lawsuit is provided."

## 8. CAUSES OF ACTION

8.1  Plaintiff incorporates the allegation in the preceding paragraphs.

8.2  Defendant misclassified Plaintiff and the Class Members as independent contractors, failed to pay them wages for all hours worked and failed to pay them overtime wages required by the FLSA for all hours worked over forty (40) hours per work week.

8.3  Defendant's failure to pay overtime wages to Plaintiff and the Class Members in accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA. Therefore, the three (3) years statute of limitations period applies to Plaintiff's and the Class Members' damages in this case.

8.4  Plaintiff and the Class Members are entitled to wages for all hours worked, overtime wages for all hours worked in excess of forty (40) in a workweek, an amount equal to all

of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action.  29 U.S.C. §216(b).

## 9. JURY DEMAND

9.1  Plaintiff hereby demands a trial by jury.

## 10. **PRAYER**

10.1  Plaintiff respectfully requests that judgment be entered against LA RANCHERA, INC., awarding him and all similarly situated employees:

10.1.1  Unpaid wages for all hours work during the period specified herein.

10.1.2  Overtime compensation for all hours worked in excess of forty (40) per work week at the rate of one and a half times his regular rate of pay;

10.1.3  An equal amount of liquidated damages;

10.1.4  Order Defendant to pay reasonable costs and attorney's fees in this action; and,

10.1.5  Order and grant such other relief as is proper and just.

Respectfully Submitted,

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
USDC SD/TX No. 7325
Texas State Bar ID 17268750
Tracey D. Lewis
USDC SD/TX No. 212007
Texas State Bar ID 24090230
ROSENBERG & SPROVACH
3518 Travis Street, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)

Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG & SPROVACH                ATTORNEYS FOR PLAINTIFF